JjjFOGG, J.
In this dispute concerning a remodeling contract, the contractor contests his liability for damage to the homeowner’s property and the homeowner answers the appeal seeking damages for frivolous appeal. For the following reasons, we affirm the judgment of the trial court and award damages for frivolous appeal.
Dale J. Politz, Jr. purchased a home that required extensive remodeling. Prior to occupying the home, he entered into a remodeling contract with Randy Key Construction (Key Construction), a general contractor. The project was to be completed in phases over a three-year period at a cost in excess of $300,000.00. For its services as the general contractor, Key Construction charged Politz a 10% profit and overhead surcharge. As the work progressed, Key Construction periodically billed Politz.
One aspect of the remodeling included the placement of a twenty-two-foot support beam in the kitchen area. Key Construction installed a laminated beam that would be covered later with cypress. Shortly thereafter, Politz noticed heavy rain caused rainwater to pool near the fireplace. Randy Key advised him that, during previous work, the roofer failed to install flashing around the fireplace, causing a leak and that it would cost approximately $150.00 to install the flashing. Politz told Randy Key that he should not have to pay to fix this error as Randy Key should have overseen the work of the roofer to insure that the work was done properly.
When Politz received the next bill from Key Construction, he deducted, among other things, $150.00 for the cost to install the flashing around the fireplace and explained by letter to Key Construction why the sum was deducted. Shortly thereafter, he received a phone call from Randy Key, who laughingly told him that he had cut the beam in the kitchen down and that he had gotten his $150.00 worth.
Politz immediately went to the house and found the beam lying on the floor. |3It had been cut in half and cut away from the joists to which it had been attached. In addition to causing a hole in the subsurface floor when it fell, the removal of the beam caused the floor and the roof to sag, the fascia boards to separate from the roof, and the flashing on the roof to wrinkle. Politz hired another contractor to repair these problems at a cost of approximately $3,600.00. Subsequently, Politz filed suit against Randy Key, Key Construction, and its insurer, State Farm Fire and Casualty Company, for this additional cost. Key Construction and Randy Key answered the suit with a general denial and sought an offset for plumbing and electrical work.
After hearing the matter, the trial court determined that Randy Key’s actions were deliberate, that Randy Key had not presented any evidence of offsets so his claim failed, and that Key Construction and Randy Key had no insurance coverage under a contractor’s policy issued to them by the State Farm. The trial judge rendered judgment against Key Construction and Randy Key and in favor of Politz in the sum of $3,640.27 and dismissed State Farm. Key Construction and Randy Key appeal.
Initially, the appellants assert that the trial court erred in failing to award it an offset. WTiere the owner denies being indebted to the contractor, the contractor has the burden of proving each and every item of expense in connection with the job. He is under a duty to itemize every expenditure. Planning Systems Corp. v. Murrell, 374 So.2d 719 (La.App. 4 Cir.), writs denied, 377 So.2d 843, 376 So.2d 319 (La.1979).
*171 In its oral reasons for judgment, the trial court stated:
[T]here may be some equities. There may have been some offsets, but there was no evidence of any offset. Mr. Key talked about some amounts he may have paid for some plumbing, some amounts he may have paid for some electrical, but no documentation of any kind, no corroborating proof of any kind was offered and he was not able to testify with any specificity as to the amounts actually paid for those. So any claims he might have had for offset on that would fail.
j4At trial, Randy Key admitted that no bills were sent to Politz for this work, and he presented no evidence of the work having been performed. In fact, he admitted that the subcontractors allegedly involved had not even billed him for the work. The record supports the trial court’s determination that the appellants failed to carry the burden of showing performance. Accordingly, we find no manifest error in the trial court’s determination that the appellants were not entitled to recover any offset for electrical or plumbing work.
The appellants further assert that the trial court erred in finding that it has no insurance coverage under the contractor’s policy. The State Farm policy provided that liability coverage will apply only to “bodily injury or property damage caused by an occurrence ....” An occurrence is defined in the policy as “An accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury or property damage .... ” (Emphasis added) Furthermore, the policy excluded property damage expected or intended from the standpoint of the insured and damage to property which is the result of willful and malicious acts of the insured.
The appellants assert that Randy Key intended only to remove the laminated beam so “the old one could be installed” and that he did not intend to cause the sag in the roof or any other damage to Politz’s home. Therefore, the trial court erred in failing to apply the standard set forth in Breland v. Schilling, 550 So.2d 609, 614 (La.1989), which provides, that “when minor injury is intended, and a substantially greater or more severe injury results, whether by chance, coincidence, accident, or whatever, coverage for the more severe injury is not barred.” Whether the resulting damage was intended by the insured is a question of fact. Breland, 550 So.2d at 614.
Randy Key worked as a contractor for more than thirty years. Therefore, we find no manifest error in the trial court’s determination that he intended the | ..¡structural damage caused by his actions and no error in the conclusion that such damage caused by this intentional act is not covered by the State Farm policy.
Finally, Politz answered this appeal, seeking attorney’s fees for frivolous appeal pursuant to LSA-C.C.P. art. 2164. The courts have been very reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. Guarantee Sys. Const. & Restoration, Inc. v. Anthony, 97-1877 (La.App. 1 Cir. 9/25/98), 728 So.2d 398, writ denied, 98-2701 (La.12/18/98), 734 So.2d 636. In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for the purpose of delay or that counsel does not sincerely believe in the view of law he advocates. Guarantee, 728 So.2d at 405. We find that there were no serious legal questions involved in this appeal. Randy Key’s carpentry experience exceeds thirty years, leaving no doubt that he knew exactly what he was doing when he hacked that beam down in what *172 appears to have been a temper tantrum by a grown man. He cannot now come into this court with the mere hope that he will not be held responsible for his own actions and, if nothing else, delay the inevitable result of having to pay for the damage he wantonly caused to the man who entrusted him with the task of renovating his home. Therefore, we find that $1,500.00 is adequate attorney’s fees for the cost of defending this frivolous appeal.
For the foregoing reasons, the judgment of the trial court is affirmed. Attorney’s fees are assessed in the sum of $1,500.00 against Key Construction and Randy Key for frivolous appeal. Costs of this appeal are assessed against Key Construction and Randy Key.
AFFIRMED.